# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DANIEL ARTMANN and KAREN ARTMANN, ) | |
| Plaintiffs, ) | |
| v. ) | CAUSE NO.: 2:11-CV-236-PRC |
| ) | |
| CENTER GARAGE, INC., ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for an Order Against Garnishee Defendant DeMotte State Bank to Answer Interrogatories and Hold Deposit Accounts [44] and Plaintiffs' Motion for an Order Against Garnishee Defendant JP Morgan Chase Bank, N.A. to Answer Interrogatories and Hold Deposit Accounts [45], both filed on October 19, 2012.

At the Court's request, on October 24, 2012, Plaintiffs filed a Memorandum of Law in Further Support of Plaintiffs' Motion for Orders Against Garnishee Defendants to Answer Interrogatories and Hold Deposit Accounts, and Defendant filed a Defendant's Brief in Support of the Applicability of Federal Rule of Civil Procedure 62(a) to Plaintiffs' Motions for Orders Against Garnishee Defendants to Answer Interrogatories and Hold Deposit Accounts.

This matter is also before the Court on Defendant's Motion to Quash [DE 51], filed on October 24, 2012, in which Defendant seeks to Quash Plaintiffs' garnishment Motions.

On October 18, 2012, judgment was entered in this case in favor of Plaintiffs.

In the instant motions, Plaintiffs seek an order of the Court directing the identified garnishee defendants to answer interrogatories and place a hold on Defendant's accounts, pursuant to Indiana Code § 28-9-3-4 and § 28-9-4-2.

However, Federal Rule of Civil Procedure 62(a) provides for a 14-day stay of execution on a judgment or proceedings to enforce a judgment:

> **(a) Automatic Stay; Exceptions for Injunctions, Receiverships, and Patent Accountings.** Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, *until 14 days have passed after its entry*. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:
>
>> (1) an interlocutory or final judgment in an action for an injunction or a receivership; or
>>
>> (2) a judgment or order that directs an accounting in an action for patent infringement.

Fed. R. Civ. P. 62(a) (emphasis added).

In the instant motions, Plaintiffs suggest, without citation to law or persuasive authority, that the orders they seek are not governed by the 14-day stay set forth in Rule 62(a). In their supplemental memorandum, Plaintiffs argue that Federal Rule of Civil Procedure 64 allows them to pursue garnishment in compliance with Indiana law and that Rule 64 applies both before and after a judgment has been entered. Plaintiffs also reason, again with no citation to law, that Rule 62(a) does not bar the requests for interrogatories and a hold because these seek only to "preserve" Defendant's property for eventual satisfaction of Plaintiffs' judgment. Plaintiffs concede that they will not and cannot take any action to actually enforce the judgment and collect from Defendant until the 14-day stay required by Rule 62(a) has expired.

Federal Rule of Civil Procedure 64(a) provides:

> **(a) Remedies Under State Law--In General**.
>
>> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Fed. R. Civ. P. 64(a).

Federal Rule of Civil Procedure 69(a) provides:

    **(a) In General.**

        **(1)** *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a *federal statute governs to the extent it applies*.

        **(2)** *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a) (emphasis added).

    The Seventh Circuit Court of Appeals has said that Fed. R. Civ. P. 62(a) falls within the meaning of a "federal statute" for purposes of Fed. R. Civ. P. 69(a). See *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993) ("The reference in Rule 69(a) to applicable federal statutes appears to refer to federal statutes *expressly governing execution*, see Note of Advisory Committee on Rule 69(a), a category that would presumably comprehend any rule regulating execution, such as Rule 62(a), but not the rules of procedure or evidence in gross."); *see also Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 124-25 (E.D.N.Y. 2010) (citing cases). Federal courts have found that Fed. R. Civ. P. 62(a) governs "when" a federal court judgment becomes enforceable and that Fed. R. Civ. P. 69(a) governs the "method" or "how" the judgment gets enforced and have not allowed writs of garnishment to issue until the expiration of the 14-day period. *See Stooksbury v. Ross*, No. 3:09-cv-498, 2012 WL 1150493, *2, 3 (E.D. Tenn. Apr. 5, 2012) (denying the defendant's motion to quash, which was based on a Tennessee law that required 30 days before a writ of garnishment could issue, and allowing issuance of the writ after 14 days under Rule 62(a)); *see also State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 2002 WL 34365828, *4 (S.D. Fla. Aug. 28, 2002) (finding that plaintiff's filing of writs of garnishment prior

to the expiration of the time period under Rule 62(a) was "wholly improper"); *Elliott Assocs. v. Banco de la Nacion*, No. 96 Civ. 7916, 2000 WL 1449862, \* (S.D.N.Y. Sept. 29, 2000) (finding that "courts have no discretion *not* to impose a stay under" Rule 62(a)).

Plaintiffs argue that they have the right "throughout an action," to use every remedy provided by the forum state, Indiana in this case, to collect a judgment, noting that Rule 64 applies throughout the action and citing three cases in support of this position. First, Plaintiffs cite *Employee Painters Trust v Riggio Bros. Constr., Inc.*, No. 09-CV-1831, 2010 WL 3896148 (D. Nev. Sept. 29, 2010), for the proposition that a writ of garnishment may be issued pre- or post-judgment in accordance with state law. Although *Riggio Brothers* accurately describes this aspect of Rule 64, the case involved writs of garnishment that were issued after judgment against the defendant had been entered. *Id*. at \*1. The interplay between Rules 69, 64, and 62 was not at issue. Plaintiffs also cite *In re Pro-Fit Holdings, Ltd.*, 391 B.R. 850, 856 n.8 (Bankr. C.D. Cal. 2008), for the basic proposition that federal courts look to state law for post-judgment remedies; this case does not otherwise lend support to Plaintiffs' position. Finally, Plaintiffs also cite *Colkitt v. Keystone Fin., Inc.*, No. 98-70477, 1999 U.S. Dist. LEXIS 4636, \*10-11 (E.D. Mich. Mar. 26, 1999), for the basic proposition that federal courts look to state law for post-judgment remedies; this case also does not otherwise lend support to Plaintiffs' position.

The Court then turns to the Indiana statutory provisions relied on by Plaintiffs, Indiana Code § 28-9-3-4 and § 28-9-4-2. Section 28-9-3-4(d) sets out those things which an "adverse claimant"–Plaintiffs in this case–must do when attempting to garnish a deposit account. The first requirement is that the adverse claimant "[p]rovide the depository financial institution notice of garnishment proceedings, the unpaid amount of the *judgment*, and sufficient identifying information about the judgment defendant to enable the depository institution reasonably to verify the *judgment*

4

defendant as the depositor." Ind. Code § 28-9-3-4(d)(1) (emphasis added).  Based on the language of the Indiana state law garnishment statute relied on by Plaintiffs, the garnishment may only proceed once a judgment has been entered.  Plaintiff has not directed the Court to any cases in which garnishment proceedings under Indiana law involving a financial institution were allowed to proceed either prior to a judgment or prior to the expiration of the fourteen-day stay in federal court.

Having reviewed the legal authority, the Court finds that the 14-day stay set forth in Rule 62(a) applies to garnishment proceedings sought under Indiana Code § 28-9-3-4 and § 28-9-4-2 pursuant to Rule 64(a) and that Plaintiffs' motions should not have been filed until the expiration of the 14-day period.  Moreover, the Court finds that the 14-day stay also prevents the Court from issuing an order granting the motions until November 2, 2012.

However, as noted by another court, "[t]he purpose of Rule 62(a) is to stay execution of judgment for [14] days to afford litigants an ample period of time to consider whether to appeal, to file a motion for new trial, and/or to seek a stay of execution of judgment." *Great Am. Ins. Co. v. Gen. Contractors & Constr. Mgmt.*, No. 07-21489, 2008 WL 2940665, *1 (S.D. Fla. July 28, 2008) (citing *McKenzie v. Kennickell*, 669 F. Supp. 529, 535 (D.D.C. 1997)).  Given Defendant's impending sale, the Court finds, in this case, that the motions should be allowed to remain pending until the expiration of the 14-day period.  Defendant has not offered any argument that it will be prejudiced by allowing the motions to remain pending.  For that reason, the Court declines to strike or "quash" the instant motions.  *See Great Am. Ins. Co.,* 2008 WL 2940665, at *1-2.  As ordered on October 22, 2012, Defendant shall have up to and including October 29, 2012, to file a substantive response, if any, to the motions for garnishment.

Based on the foregoing and in the interests of justice, the Court hereby **DENIES** Defendant's Motion to Quash [DE 51] and **TAKES UNDER ADVISEMENT** Plaintiffs' Motion for an Order

5

Against Garnishee Defendant DeMotte State Bank to Answer Interrogatories and Hold Deposit Accounts [44] and Plaintiffs' Motion for an Order Against Garnishee Defendant JP Morgan Chase Bank, N.A. to Answer Interrogatories and Hold Deposit Accounts [45].  The Court **REAFFIRMS** its October 22, 2012 Order ordering that Defendant shall have up to and including **October 29, 2012**, in which to file a response to these motions.

So ORDERED this 25th day of October, 2012.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:  All counsel of record