# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DANIEL ARTMANN and KAREN ARTMANN, )<br>    Plaintiffs, )<br>v. )<br> )<br>CENTER GARAGE, INC., )<br>    Defendant. )<br>_____ )<br> )<br>DEMOTTE STATE BANK )<br>210 South Halleck Street )<br>DeMotte, Indiana 46310 )<br>    Garnishee Defendant. )<br>_____ )<br> )<br>JP MORGAN CHASE BANK, N.A. )<br>9717 W. 133rd Avenue )<br>Cedar Lake, Indiana 46303 )<br>    Garnishee Defendant. )<br>_____ )<br> )<br>AMERIPRISE FINANCIAL SERVICES, INC. )<br>11480 Broadway )<br>Crown Point, Indiana 46307 )<br>    & )<br>c/o CT Corporation System )<br>251 East Ohio Street, Suite 1100 )<br>Indianapolis, Indiana 46204 )<br>    Garnishee Defendant. ) | CAUSE NO.: 2:11-CV-236-PRC |

## OPINION AND ORDER

   This matter is before the Court on a Motion for Relief From Orders Granting Motions for Orders Against Garnishee Defendants JPMorgan Chase Bank, N.A, DeMotte State Bank and Ameriprise [DE 70], filed by Defendant on November 5, 2012. Plaintiffs filed a response on November 6, 2012, and Defendant filed a reply on November 7, 2012.

On November 2, 2012, the Court issued three separate orders pursuant to Indiana Code § 28-9-3-4 and § 28-9-4-2, ordering the Garnishee Defendants to answer Plaintiffs' interrogatories and to place a hold on Defendant's accounts held with Garnishee Defendants.

In the instant motion, Defendant argues that the motions have no basis in law because Plaintiffs cited Federal Rule of Civil Procedure 64 rather than Federal Rule of Civil Procedure 69 in their motions and because Plaintiffs did follow the procedural requirements for proceedings supplemental pursuant to Indiana Trial Rule 69(E). Defendant asks the Court to set aside the orders granting the three motions for garnishment interrogatories and order Plaintiffs to refile the motions setting forth the proper factual and procedural elements before any further orders be entered against third parties.

In their motions for garnishment interrogatories, Plaintiffs cited Federal Rule of Civil Procedure 64 as the basis for requesting the orders for garnishment orders. Plaintiffs' motions were made on October 19, 2012, and November 2, 2012, which was after judgment was entered on October 18, 2012. Rule 64 provides: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the *potential judgment*. But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a) (emphasis added). Thus, Rule 64(a) was inapplicable.

Rather, Plaintiffs' motion was governed by Federal Rule of Civil Procedure 69(a), which provides, in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Indiana Trial Rule 69(E) provides for proceedings supplemental, including garnishment proceedings, providing:

> (E) Proceedings supplemental to execution. Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced *by verified motion or with affidavits* in the court where the judgment is rendered *alleging* generally:
>
>> (1) that the plaintiff owns the described judgment against the defendant;
>>
>> (2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;
>>
>> (3) that the defendant be ordered to appear before the court to answer as to his non-exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,
>>
>> (4) *if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.*
>
> If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.
>
> The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental.

Ind. Tr. R. 69(E) (emphasis added).

Regarding proceedings supplemental, the Indiana courts have explained:

> At a proceeding supplemental, it is the duty of the judgment-debtor to pay the judgment or come forward with property so that execution may proceed. Generally, three types of relief are available to a judgment-creditor through a proceedings supplemental: 1) the judgment-debtor is required to appear before the trial court and be examined as to available property; 2) the judgment-debtor is required to apply particular property to the satisfaction of the judgment; and 3) a third-party garnishee is joined as a party and is required to answer as to non-exempt property held by the garnishee for the debtor or an obligation owing from the third-party to the debtor.

*Freidline v. Thomalla*, 852 N.E.2d 17, 20 (Ind. Ct. App. 2006) (internal citation omitted) (citing *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 817 (Ind. Ct. App. 2005)).

As for garnishment proceedings, the courts describe them as a "means by which a judgment-creditor seeks to reach property or credits of a judgment-debtor which are in the hands of a third person so that they may be applied in favor of the judgment." *Id.* (citing *Keaton v. Fort Wayne Neurosurgery*, 780 N.E.2d 1183, 1185 (Ind. Ct. App. 2003)). Citing Trial Rule 69(E), the court in *Freidline* recognized the requirement that a motion naming a garnishee defendant "must allege that the 'garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment-debtor subject to execution or proceedings supplemental to execution . . . .'" *Id.* (quoting Ind. Tr. R. 69(E)).

Regarding the issuance of an order to a depository financial institution to place a hold on a deposit account, Indiana Code § 34-55-8-7, which is found in the chapter on "Proceedings Supplementary to Execution" in the article addressing "Execution of Judgments," provides:

> (c) A court *in an action for proceedings supplementary to execution* shall issue an order directing a depository financial institution (as defined in IC 28-9-2) to place a hold on a deposit account in which the judgment debtor has an interest, either individually or jointly with another person, whenever the conditions prescribed under IC 28-9-3-4(d)(1) through IC 28-9-3-4(d)(3) are met. An order issued under:
>
> > (1) is subject to the limitations as to duration of the restriction and the amount to be restricted as specified under IC 28-9-4-2; and

(2) may be terminated or modified to reflect valid exemptions of a depositor that the court has considered.

(d) If an order for the placing of a hold on a deposit account is issued under subsection (c), a person whose deposit account is affected may request a hearing from the court on the matter of:

(1) the person's right to claim certain funds in the person's deposit account as exempt from garnishment; and

(2) whether the hold should be removed by the court.

(e) If a court receives a request for a hearing under subsection (d), the court shall hold a hearing on the matter within five (5) days (excluding Saturdays, Sundays, and legal holidays) after the court receives the request.

(f) If a person whose deposit account is affected by the order issued under subsection (c) files an affidavit with the court stating that the funds in the account are exempt from garnishment, the court may issue an order releasing the hold on the account without first conducting a hearing.

Ind. Code § 34-55-8-7(c)-(f) (emphasis added).

Indiana Code § 28-9-3-4(d)(1)-(d)(3), which is referenced in § 34-55-8-7, governs an adverse claim by a money judgment creditor attempting to garnish a deposit account, such as Plaintiffs in this case attempting to garnish the deposit accounts held by the three garnishee defendants:

(d) An adverse claimant shall do all of the following:

(1) Provide the depository financial institution notice of garnishment proceedings, the unpaid amount of the judgment, and sufficient identifying information about the judgment defendant to enable the depository financial institution reasonably to verify the judgment defendant as the depositor.

(2) Serve or cause to be served upon the depository financial institution an order to answer interrogatories.

. . . .

Ind. Code § 28-9-3-4(d)(1)-(d)(2).[1]

---

[1] Because the requirements in Indiana Code § 28-9-3-4(d)(3) apply only to individual judgment debtors, the Court has not included the text of that subsection.

In the three motions for garnishment interrogatories, Plaintiffs rely solely on Indiana Code § 28-9-3-4 and § 28-9-4-2. In response to the instant motion for relief, Plaintiffs argue that these provisions, which are part of the Adverse Claims Act, are all that they are required to comply with in order to request service of garnishment interrogatories. However, "[t]he Adverse Claims Act is an effort to protect banks from double liability in situations where a judgment creditor seeks to obtain funds of a bank depositor held by the bank in a deposit account." *McClure Oil Corp. v. Whiteford Truck Lines*, 627 N.E.2d 1323, 1325 (Ind. Ct. App. 1994) (citing *Radiotelephone Co. of Indiana v. Ford*, 531 N.E.2d 238, 243 n. 3 (Ind. Ct. App. 1988); *First Bank v. Samocki Bros. Trucking Co.*, 509 N.E.2d 187, 194-95 (Ind. Ct. App. 1987)).

In this case, Plaintiffs did not file a motion for proceedings supplemental at the time of filing the motions for garnishment interrogatories. The motions for garnishment interrogatories were neither verified nor supported by affidavit. Plaintiffs did not make an allegation that they had no cause to believe that levy of execution against the defendant will satisfy the judgment. As to Garnishee Defendants JPMorgan Chase Bank, N.A. and DeMotte State Bank, Plaintiffs did not allege that the named Garnishee Defendants had or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution. As to Garnishee Defendant Ameriprise Financial Services, Inc., Plaintiffs did allege that information received by Plaintiffs' counsel indicates that the proceeds of the sale of Defendant's assets may have been deposited into an account held by Ameriprise Financial Services, Inc. Thus, Plaintiffs' motions were granted on an improper basis, and the Court vacates the three orders granting the motions for garnishment interrogatories.

However, Defendant's additional request that the Court order Plaintiffs to refile the motions setting forth the proper factual and procedural elements before any further orders be entered against

6

third parties is moot. On November 7, 2012, Plaintiffs filed a Motion for Proceedings Supplemental Against Defendant Center Garage, Inc., and on November 8, 2012, Plaintiffs filed a Motion for Proceedings Supplemental Against Third-Party Garnishee Defendants. Having found both motions to be in compliance with the applicable rules of procedure, the Court granted both and ordered that new interrogatories be served on the three Garnishee Defendants on whom orders were previously served and that each Garnishee Defendant place a ninety-day hold on all deposits on account in which Judgment Defendant Center Garage, Inc. has an interest either individually or jointly with another person or entity, pursuant to Indiana Code § 28-9-3-4, subject to the limitations of Indiana Code § 28-9-4-2, and limited to the unpaid balance of the judgment $181,813.54.

Accordingly, the Court hereby **GRANTS in part and DENIES as moot** the Motion for Relief From Orders Granting Motions for Orders Against Garnishee Defendants JPMorgan Chase Bank, N.A, DeMotte State Bank and Ameriprise [DE 70]. The Court hereby **VACATES** the November 2, 2012 Orders at docket entry 59 (DeMotte State Bank), docket entry 60 (JP Morgan Chase Bank,N.A.), and docket entry 62 (Ameriprise Financial Services, Inc.). The Court **ORDERS** Plaintiffs to serve a copy of this Opinion and Order on each of the Garnishee Defendants in the manner provided for service on garnishees under Indiana Trial Rule 69(E).

So ORDERED this 9th day of November, 2012.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record