**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DANIEL ARTMANN and | ) | |
| KAREN ARTMANN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:11-CV-00236 |
| | ) | |
| vs. | ) | |
| | ) | |
| CENTER GARAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## RENEWED MOTION FOR WRIT OF EXECUTION

Plaintiffs, Daniel and Karen Artmann, by counsel, pursuant to Federal Rule of Civil Procedure 69(a), respectfully petition the Court for a writ of execution and state as follows.

1.      On October 18, 2012, a final judgment was entered in favor of the Artmanns and against Defendant Center Garage, Inc. in the above-referenced cause in the sum of $181,813.54. (D.E. 43)

2.      Under Fed. R. Civ. P. 62(a) "no execution may issue on a judgment…until 14 days have passed after its entry."

3.      As of November 2, 2012, the 14-day automatic stay of Rule 62(a) has expired.

4.      Accordingly, under Fed. R. Civ. P. 69(a), this Court can issue an order directing the Clerk of Court to issue a writ of execution directing the United States Marshal to execute the Artmanns' judgment against all non-exempt tangible property of Center Garage, Inc., including, but not limited to, any monies, vehicles, equipment, parts, supplies, or machinery of Center Garage, Inc.

5.      Center Garage has argued to this Court that given the pending proceedings supplemental, (D.E. 81), issuing a writ of execution would be a waste of judicial resources. (D.E. 78). Moreover, Center Garage claims that "a writ of execution would have to be returned

unexecutable prior to initiating proceedings supplemental." (*Id.*) Center Garage's argument misconstrues Ind. Tr. R. 69(e).

6.      Ind. Tr. R. 69(e) allows a party to commence proceedings supplemental by submitting an affidavit stating that the party has no cause to believe that a levy of execution will satisfy the judgment. Ind. Tr. R. 69(e) does not require that a writ of execution be returned unsatisfied. Here, the Artmanns submitted the required affidavit stating that they have no cause to believe that a levy of execution against Center Garage will satisfy the judgment and thus are entitled to commence proceedings supplemental. (D.E. 77 at Ex. A). But simply because the Artmanns do not *believe* that a levy of execution can satisfy the judgment in full does not mean that Center Garage, in fact, no longer has any non-exempt tangible assets. Nothing in Ind. Tr. R. 69(e) precludes the Artmanns from attempting to execute on their judgment even though they reasonably believe such execution will be fruitless.

7.      While the Artmanns do not believe that there is any authority to support Center Garage's contention that a writ should not issue while proceedings supplemental are pending, to the extent this Court agrees with Center Garage, the Artmanns respectfully request that the Court deny this motion and allow the proceedings supplemental to proceed as scheduled.

WHEREFORE, Plaintiffs Daniel and Karen Artmann, by counsel, respectfully ask the Court to enter an order directing the Clerk of Court to issue a writ of execution directing the United States Marshal to execute the judgment entered in favor of Daniel and Karen Artmann against all non-exempt tangible property of Center Garage, Inc., and for all other proper relief. A draft writ of execution is attached hereto as Exhibit A.

Respectfully submitted,

DANIEL and KAREN ARTMANN

/s/ P. Russell Perdew_____
P. Russell Perdew
Counsel for Plaintiffs
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Ph: (312) 443-1712
Fax: (312) 443-8712
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on the 16th day of November, 2012, a copy of the foregoing *Renewed Motion for Writ of Execution,* was electronically filed. Notice of this filing will be sent to all Counsel of record via the Court's electronic filing system.

LOCKE LORD LLP

By:

/s/ P. Russell Perdew_____
P. Russell Perdew